**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**RONALD JOHNSON,**

  **Plaintiff,**

  v.                                          CASE NO.  23-3185-JWL

**WYANDOTTE COUNTY DISTRICT
COURT, and STATE OF KANSAS,**

  **Defendants.**

**<u>MEMORANDUM AND ORDER</u>**

Plaintiff brings this pro se action invoking 28 U.S.C. § 2403.  Plaintiff is incarcerated at the El Dorado Correctional Facility in El Dorado, Kansas.  The Court provisionally grants Plaintiff leave to proceed in forma pauperis. For the reasons set forth below, the Court dismisses this matter as frivolous.

**I.  Nature of the Matter Before the Court**

Plaintiff asserts that he is bringing this action as a "secured party creditor" and "authorized representative" of Ronald Johnson.  (Doc. 1, at 1.)  Plaintiff claims he is asking a constitutional question as "a friend of the Federal District Court."  *Id*.  Plaintiff's Complaint appears to be yet another attempt by Plaintiff to attack the calculation of his state sentence.  *Id*. at 2–3.  He asks why a "mandatory sentence modification" based on the finding that the statute was unconstitutional has not resulted in a recalculation of his sentence.  Plaintiff claims that the state sentencing court has not taken remedial action, posing the following question:

> Why would 9 plus years pass with the court ignoring, denying, upsuring [sic] my proper due process protection in the saving clause statute K.S.A. 21-4369/K.S.A. 21-6628(c), the mandatory sentence modification which the Supreme Court of Kansas Chief Justice M. Luckert stated in (State v. Johnson, April 20, 2021)

1

> K.S.A. 21-4635 being held unconstitutional April 11, 2014, in the
> Soto ruling, 'Triggered' K.S.A. 21-4639/21-6628(c)?
>
> Why is no remedial action been taken by the Wyandotte County,
> Kansas district court, or, and various Kansas counties district
> courts who has sentenced prisoners under the unconstitutional
> statute K.S.A. 21-4635 from 1994 to 2013/2014 triggering the
> automatic sua sponte responsibility of Wyandotte County Kansas
> district court case number 2001-CR-2150, as well as various
> similar situated prisoners sentenced under this unconstitutional Act
> K.S.A. 21-4635?

*Id*. at 2–3.  Plaintiff also asks if the State and Wyandotte County should be held criminally liable, and asks this Court to order a widespread criminal federal investigation.   *Id*. at 3–4.

## II.  Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992).  A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  In addition, the court accepts all well-pleaded allegations in the complaint as true.  *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006).  On the other hand, "when the allegations in a complaint, however true, could not

raise a claim of entitlement to relief," dismissal is appropriate.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action."  *Twombly*, 550 U.S. at 555 (citations omitted).  The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face."  *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated."  *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).  The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."  *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals.  *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009).  As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief."  *Kay*, 500 F.3d at 1218 (citation omitted).  Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'"  *Smith*, 561 F.3d at 1098 (citation omitted).  "Plausible" in

3

this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III. DISCUSSION

Federal law gives a state the right to intervene "[i]n any action, suit, or proceeding in a court of the United States . . . wherein the constitutionality of any statute of that State affecting the public interest is drawn in question." *United States v. Cox*, 906 F.3d 1170, 1177 (10th Cir. 2018) (quoting 28 U.S.C. § 2403(b)). Section 2403(b) gives a state the right to intervene in a case where the constitutionality of a statute is called into question and the "State or any agency, officer, or employee thereof is not a party." 28 U.S.C. § 2403(b). Plaintiff has named the State of Kansas and the Wyandotte County District Court as defendants in this case. More importantly, he is not calling the constitutionality of a statute into question, but rather is challenging the calculation of his sentence. He claims that his sentence was not modified as required by statute.

This case, with Plaintiff's attempt to invoke 28 U.S.C. § 2403, is merely Plaintiff's latest attempt to raise an issue that has already been addressed by this Court and the Tenth Circuit. Plaintiff has made several attempts to remove his state court action against the Wyandotte County District Court to this Court. The cases were remanded because the removal statute provides for the defendant or defendants to remove a case, not a plaintiff. *See Johnson v. Wyandotte County Dist. Ct.*, Case No. 22-3211-JWL-JPO, Doc. 2 (D. Kan. Sept. 27, 2022) (remanding the case to state court); *see also Johnson v. Wyandotte Cty. Dist. Ct.*, Case No. 22-

3295-JWL-JPO, Doc. 2 (D. Kan. Nov. 23, 2022) (same).  Plaintiff then attempted to circumvent

those prior rulings by filing a Notice for Removal in which he listed "Defendant" after his name.

*See Johnson v. Wyandotte County Dist. Ct.*, Case No. 23-3020-JWL, Doc. 2 (D. Kan. Jan. 23,

2023) (dismissing the case and stating that "[i]f Johnson continues to submit frivolous or

otherwise inappropriate notices of removal, the Court will consider filing restrictions").

Plaintiff has also asserted this same claim in a prior action brought pursuant to 42 U.S.C.

§ 1983.  *See Johnson v. Schmidt*, Case No. 20-3017-SAC (D. Kan.).   In that case, Plaintiff

alleged that he was sentenced to a "Hard 50" sentence under K.S.A. § 21-4635 et. seq. on

November 21, 2003, the Kansas Supreme Court held § 21-4635 unconstitutional on April 11,

2014, and defendants[1] failed to modify his sentence under the "mandatory modification law"—

K.S.A. § 21-6628(c) (formerly § 21-4639).  *Id*. at Doc. 9, at 1.

Plaintiff claimed that he was denied relief in his state habeas cases, multiple appeals, and

multiple motions for relief.  *Id*. at 2.[2]  The Court found in that case that the Wyandotte County

District Court addressed Plaintiff's argument for modification under K.S.A. 21-6628, finding:

> The defendant argues that Kansas courts have been directed by the
> legislative branch to resentence any defendant who was sentenced
> prior [sic] the sentence being declared unconstitutional. In *Alleyne*,
> the Court required that any fact which increased a sentence beyond
> the mandatory minimum must be submitted to a jury and proven

---

[1]  Plaintiff named as defendants eight state court judges, the attorney general, the district attorney, two assistant district attorneys, the Wyandotte County Sheriff, nine employees from the KDOC, and legal counsel for the KDOC.

[2]  Plaintiff attached the October 22, 2018 Wyandotte County District Court Journal Entry denying his motion "Invoking Sentence Modification pursuant to K.S.A. 21-4639, Renumbered K.S.A. 21-6628(c) (2011)." (Doc. 1–1, at 9.) The Journal Entry provides that Plaintiff was convicted of first-degree murder in 2003 and was sentenced to the Hard 50. *Id*. The Kansas Supreme Court affirmed his sentence in *State v. Johnson*, 248 Kan. 18 (2007). *Id*. Plaintiff filed a Petition for Writ of Habeas Corpus in Wyandotte County District Court, No. 08CV2331, and after a summary dismissal the decision of the district court was affirmed in an unpublished decision, *Johnson v. State*, No. 102952, 2011 WL 867686 (March 11, 2011). *Id*. Plaintiff filed a second K.S.A. 60-1507 petition on December 21, 2011, Case No. 11CV2078, which was again summarily dismissed by the district court, appealed, and affirmed by the Court of Appeals, Case No. 108,309 (Sept. 20, 2013). Plaintiff filed a third K.S.A. 60-1507 petition on May 19, 2014, Case No. 2014CV499. He argued that *Alleyne v. United States*, 133 S. Ct. 2151 (2013) should be applied retroactively to his case. The motion was again summarily dismissed by the district court, appealed, and affirmed by the Court of Appeals, decision number 117,323, decided September 1, 2017. *Id*. at 10.

beyond a reasonable doubt. *Alleyne* thus rendered unconstitutional the Kansas hard 50 sentence scheme, which allowed a judge to determine facts that would enhance the mandatory minimum. All cases that were pending on appeal when *Alleyne* was decided were then reversed. *Kirtdoll v. State*, 306 Kan. 335 (2017). In *Kirtdoll*, the Court held that the rule of law declared in *Alleyne* cannot be applied retroactively to invalidate a sentence that was final when the *Alleyne* decision was released.   By the time *Alleyne* was decided, Johnson's direct appeal, as well as two K.S.A. 60-1507 motions, had already been decided.   Whether the Defendant's motion is a motion for sentence modification or a motion pursuant to K.S.A. 60-1507, the issue has already been decided by the Kansas Supreme Court, and therefore, must be denied.

*Id*. at 2–3 (citing the October 22, 2018 Wyandotte County District Court Journal Entry at Doc. 1–1, at 10) (internal paragraph numbering omitted)).

The Court advised Plaintiff in Case No. 20-3017 that to the extent he challenges the validity of his sentence in his state criminal case, his federal claim must be presented in habeas corpus. "[A] § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, *but not to the fact or length of his custody.*" *Preiser v. Rodriguez,* 411 U.S. 475, 499 (1973) (emphasis added). When the legality of a confinement is challenged so that the remedy would be release or a speedier release, the case must be filed as a habeas corpus proceeding rather than under 42 U.S.C. § 1983.   The Court also held that under the *Rooker-Feldman* doctrine, a federal court lacks jurisdiction to review a final state court judgment. *Johnson v. Schmidt*, 2020 WL 4260626, at *3 (D. Kan. July 24, 2020), *aff'd* 838 F. App'x 319 (10th Cir. 2020), *cert. denied* 141 S. Ct. 2711 (2021), *reh'g denied* 142 S. Ct. 52 (2021).

Any challenge to Plaintiff's state sentence must be brought in a petition for writ of habeas corpus.   "A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity." *See Pinson v. Berkebile*, 553 F. App'x 852, 853 (10th Cir. 2014) (unpublished) (citing

*Brace v. United States*, 634 F.3d 1167, 1169 (10th Cir. 2011)) (emphasis added). "By contrast, a state prisoner's federal habeas challenge to the validity of an underlying conviction or sentence must typically be brought under § 2254." *Leatherwood v. Allbaugh*, 861 F.3d 1034, 1042 (10th Cir. 2017) (citation omitted).

However, even if Plaintiff brought this claim in a habeas petition, his claim would be denied. This Court has denied habeas relief for this same claim. In *Francis v. Cheeks*, the Court held that:

> But in Kansas, *Alleyne* doesn't apply retroactively "to cases that were final when *Alleyne* was decided." *Kirtdoll v. State*, 393 P.3d 1053, 1057 (Kan. 2017). Because Mr. "Francis was convicted, sentenced, and his case was affirmed on direct appeal before the *Alleyne* decision was rendered in 2013," the Kansas Court of Appeals couldn't retroactively apply *Alleyne*'s holding to his sentence. *Francis V*, 2020 WL 1329220, at *17.
>
> Mr. Francis argues that this retroactivity holding was incorrect. It wasn't. While the Supreme Court hasn't answered the question yet, our Circuit has noted that "[n]o court has treated *Alleyne* as retroactive to cases on collateral review." *United States v. Hoon*, 762 F.3d 1172, 1173 (10th Cir. 2014) (collecting cases from the federal Circuit Courts of Appeals); *see also Lee v. Schnurr*, 858 F. App'x 278, 280 (10th Cir. 2021) ("*Alleyne*'s status as non-retroactive on collateral review is a settled rule, and one observed by all 11 circuit courts to have considered it, including this one[.]" (quotation cleaned up)), *cert. denied sub nom. Lee v. Meyer*, 142 S. Ct. 779 (2022). The court thus denies Mr. Francis's thirteenth ground for federal habeas relief.

*Francis v. Cheeks*, 2022 WL 3018069, at *18 (D. Kan. July 29, 2022).

Plaintiff, however, is aware of this Circuit's stance on this issue because he appealed the dismissal of his prior § 1983 case. In affirming this Court's decision, the Tenth Circuit found that this Court correctly held that it lacked jurisdiction to consider Plaintiff's challenge to the Kansas state court decision. *Johnson v. Schmidt*, 838 F. App'x 319, 322 (10th Cir. 2020), *cert. denied* 141 S. Ct. 2711 (2021), *reh'g denied* 142 S. Ct. 52 (2021). The Tenth Circuit held that:

Under the *Rooker-Feldman* doctrine, "only the Supreme Court has jurisdiction to hear appeals from final state court judgments. Federal district courts do not have jurisdiction to review state court judgments or claims inextricably intertwined with them." *Bear v. Patton*, 451 F.3d 639, 641 (10th Cir. 2006) (citation omitted).

\* \* \* \*

Even if Johnson could overcome those hurdles, his invocation of K.S.A. 21-6628(c) is unavailing. The Kansas Supreme Court has recently foreclosed the application of K.S.A. 21-6628(c) in the manner Johnson urges. While this appeal was pending, the Kansas Supreme Court held that K.S.A. 21-6628(c) "[b]y its clear and unequivocal language . . . applies only when the term of imprisonment or the statute authorizing the term of imprisonment are found to be unconstitutional." *State v. Coleman*, 472 P.3d 85, 92 (Kan. 2020). Neither of those situations are presented here. *Alleyne* and *Soto* held only that the "procedural framework by which the enhanced sentence was determined" was unconstitutional. *Id.* Those cases did not cast any doubt on the substantive sentence Johnson received. Indeed, "hard 50 sentences have never been determined to be categorically unconstitutional." *Id.* Accordingly, the "fail-safe" provision of K.S.A. 21-6628(c) requiring sentence modification is not triggered here. *See id.*

*Johnson*, 838 F. App'x at 322–23, *cert. denied* 141 S. Ct. 2711 (2021), *reh'g denied* 142 S. Ct. 52 (2021).

Plaintiff's instant case is another attempt to argue his claim that has been rejected by this Court and the Tenth Circuit. "Repetitious litigation of virtually identical causes of action may be dismissed under § 1915 as frivolous or malicious." *Winkle v. Hammond*, 601 F. App'x 754, 754–55 (10th Cir. 2015) (quoting *McWilliams v. State of Colo.*, 121 F.3d 573, 574 (10th Cir. 1997) (internal quotation marks and brackets omitted)); *see also Davis v. Bacon*, 234 F. App'x 872, 874 (10th Cir. 2007) (dismissing as frivolous a complaint that "substantially mirrors" a prior complaint that was dismissed). Therefore, this case is dismissed.

**IT IS THEREFORE ORDERED BY THE COURT** that the Court provisionally grants Plaintiff leave to proceed in forma pauperis.

**IT IS FURTHER ORDERED** that this matter is **dismissed** as frivolous.

**IT IS SO ORDERED**.

**Dated August 1, 2023, in Kansas City, Kansas.**

<u>**S/ John W. Lungstrum**</u>
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**